# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
December 19, 2012

Lyle W. Cayce
Clerk

No. 12-50182
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

BRADFORD ALLEN BULLOCK,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:92-CR-280-1

Before STEWART, Chief Judge, and OWEN and GRAVES, Circuit Judges.

PER CURIAM:[*]

Bradford Allen Bullock was convicted of armed bank robbery, being a felon in possession of a firearm, and using a firearm during a violent crime in 1992. *United States v. Bullock*, 71 F.3d 171, 173-74 (5th Cir. 1995). Bullock was sentenced to 222 months in prison and to three concurrent terms of supervised release. The district court subsequently revoked supervision, sentenced Bullock to 15 months in prison, and reimposed two 21-month and one 45-month terms of supervised release, all to run concurrently.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The Government moved to revoke the reimposed supervised release based on a state conviction for felony theft. At the revocation hearing, the Government requested a maximum sentence and reminded the district court that the court had informed Bullock that the maximum sentence would be imposed if he violated the reimposed supervised release. The district court then heard from Bullock and his counsel regarding an appropriate sentence. The district court revoked Bullock's reimposed supervised release and imposed two 9-month and one 21-month terms of imprisonment to run consecutively to each other and Bullock's state sentence.

On appeal, Bullock argues that the district court erred by prejudging the sentence rather than considering the factors enumerated in 18 U.S.C. § 3553. Revocation sentences generally are reviewed under 18 U.S.C. § 3742(a)(4)'s "plainly unreasonable" standard. *United States v. Miller*, 634 F.3d 841, 843 (5th Cir.), *cert. denied*, 132 S. Ct. 496 (2011). However, because Bullock did not object in the district court to the court's exclusive reliance on the statements made during the prior proceeding, review is limited to plain error. *See United States v. Whitelaw,* 580 F.3d 256, 259-60 (5th Cir. 2009).

The district court had warned Bullock, in a prior revocation proceeding, that a maximum prison sentence would be imposed if he violated the reimposed term of supervised release. This portion of the prior transcript was read into the record of the current proceeding. Contrary to Bullock's assertion, it was read into the record at the behest of the Government to refresh the district court's recollection of the prior events. Additionally, the district court agreed with defense counsel that the district court's prior statement did not necessarily mandate consecutive sentences. Given the district court's statement that the prior events did not determine the current sentence absolutely and the taking of additional defense testimony and argument on the appropriate sentence, Bullock cannot show that the district court plainly erred by prejudging his sentence. *See Puckett v. United States*, 556 U.S. 129, 135 (2009); *United States*

*v. Davis*, 602 F.3d 643, 647 (5th Cir. 2010) (applying plain error in the revocation context).

Bullock also argues that the district court erred in imposing consecutive terms of imprisonment. "The district court has the discretion to order that a sentence imposed upon the revocation of supervised release run concurrently with or consecutively to other sentences." *Whitelaw*, 580 F.3d at 260. Bullock has presented no specific argument that the district court abused its discretion other than to suggest that concurrent sentences would have met the purposes of sentencing. He has not shown reversible error.

The judgment of the district court is AFFIRMED.